UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICAH MARIE T.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 2:25-cv-00438-DCN-REP

**ORDER ADOPTING REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND BACKGROUND

On February 10, 2022, Plaintiff Micah Marie T. ("Plaintiff") filed an application for Title II disability insurance benefits, alleging disability beginning October 15, 2020, due to fibromyalgia, muscle tenderness, joint pain, Type 2 diabetes, fatigue, and other impairments limiting her ability to work. The application was denied initially and on reconsideration.

On April 23, 2024, a hearing was held before an administrative law judge ("ALJ"), who issued an unfavorable decision on July 25, 2024. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action in federal court seeking judicial review of the ALJ's decision. Dkt. 1.

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

On August 14, 2026, Chief United States Magistrate Judge Raymond E. Patricco[2] issued a Report and Recommendation in this matter. Dkt. 20 (the "Report"). Therein, Judge Patricco recommended that: (1) the decision of the Commissioner be affirmed, and (2) judgment be entered in favor of the Commissioner. *Id.* at 17. Pursuant to statute, Judge Patricco gave the parties fourteen (14) days to file written objections to the Report and Recommendation. *Id.*; 28 U.S.C. § 636(b)(1).

Plaintiff filed an objection to the Report (Dkt. 21), and the Commissioner responded to the objection (Dkt. 22). The matter is now ripe for the Court's review. For the reasons set forth below, Plaintiff's objection is overruled, Judge Patricco's Report is adopted in full, and the Commissioner's decision is affirmed.

## II. LEGAL STANDARD

In the context of social security appeals, a court's role in reviewing an ALJ's final decision is to ensure that it is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (stating that the final decision "to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error"). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

[2] In accordance with District of Idaho General Order 359 and 28 U.S.C. § 636(b)(1)(B), this matter was referred to Judge Patricco on August 15, 2025. Dkt. 8.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where, as here, a party objects to the Report, the Court "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.*

## III. DISCUSSION

Plaintiff objects to the Report on the ground that Judge Patricco erred in: (1) recommending the ALJ's decision is sufficient to allow a finding that the ALJ properly considered the combination of Plaintiff's severe and non-severe impairments; (2) applying law that has been abrogated by controlling rulings and regulations; and (3) recommending the ALJ properly considered Plaintiff's mental and physical symptom allegations. Dkt. 21. Plaintiff's first and third objections to the Report are simply the same allegations raised in her lawsuit, *i.e.*, perceived errors by the AJL. Judge Patricco explained why those arguments were unavailing. Now, Plaintiff's objections are that Judge Patricco erred in his analysis of those same two arguments. Meaning, in essence, Plaintiff is asking the Court to review what Judge Patricco has already reviewed—and on the same basis before him.

As the Court recently explained in *Marie v. Commissioner of Social Security*, this approach is not inherently wrong. 2026 WL 2654264, at *2 (D. Idaho Sept. 9, 2026). "However, the Court typically has seen more targeted objections, not simply a restatement of the original claims." *Id.* "By taking this repetitive approach, Plaintiff gets a de novo review of her claims. But when she has not presented anything new, it is difficult to see this strategy as anything other than a final hope that another judge will simply see things differently." *Id.*

The Court has reviewed Plaintiff's objections and completed its own independent analysis as required. Because it finds none of Plaintiff's arguments persuasive—and for the same reasons as outlined in the Report—it will not discuss the matters in grave detail.

**A. Plaintiff's Impairments and RFC Determination**

Plaintiff's first objection to the Report is a combination of her first and second objections to the ALJ's decision, namely that the ALJ erred when deciding her fibromyalgia was not a medically determinable impairment and, as such, failed to consider the limitations caused by her non-severe impairments when formulating the residual functional capacity ("RFC").[3] Dkt. 21, at 2. Plaintiff does not specifically challenge the ALJ's finding that Plaintiff's fibromyalgia was not medically determinable; rather, Plaintiff asserts that even though the ALJ found that fibromyalgia was not medically determinable, the ALJ failed to consider fibromyalgia further in the sequential evaluation. *Id.*

In the Report, Judge Patricco held that, despite finding Plaintiff's fibromyalgia was not medically determinable, the ALJ nevertheless considered it as a non-severe impairment in formulating Plaintiff's RFC. Dkt. 20, at 11. Judge Patricco found the ALJ's subjective symptom analysis "specifically stated that she had considered Plaintiff's allegations of disability stemming from her medically determinable impairments 'as well as other alleged impairments.'" *Id.* (citing AR at 24). In the same paragraph, the ALJ referred to Plaintiff's complaints of joint and muscular pain, inflammation, swelling, and tenderness. *Id.* (citing

[3] An RFC determination is an administrative assessment of the maximum work-related tasks a person can do despite his or her limitations.

AR 24–25). Thus, Judge Patricco found there was sufficient evidence to conclude that "other alleged impairments" included fibromyalgia, and the ALJ reasonably addressed Plaintiff's fibromyalgia as a non-severe impairment when arriving at Plaintiff's RFC. *Id.*

Plaintiff admits she complained about joint and muscular symptoms caused by her fibromyalgia; however, she argues she also complained about additional symptoms from this disorder, namely brain fog and fatigue, which the ALJ did not mention in the RFC determination and Judge Patricco did not address in the Report. Dkt. 21, at 3–4. Because the ALJ did not discuss *all* of Plaintiff's alleged symptoms from fibromyalgia, Plaintiff asserts the ALJ failed to consider the impairment beyond Step Two. *Id.* at 4.

Plaintiff points to no caselaw suggesting an ALJ is required to mention every symptom complained about in the RFC determination, regardless of whether such symptoms are supported by substantial evidence. In reality, no such requirement exists. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.").

Further, Plaintiff misquotes the Report to make her argument that Judge Patricco "partially conclude[d] that the ALJ may have erred on this basis but that because Plaintiff 'has failed to provide references to the record demonstrating why such limitations were warranted, the undersigned finds that remand is not appropriate at this time.'" Dkt. 21, at 4 (citing Dkt. 20, at 12). That is not what the Report says. Judge Patricco found "remand is not appropriate *on this issue*." Dkt. 20, at 12 (emphasis added). The Court finds Judge Patricco did not "mudd[y] the waters" making his findings unclear, and remand is not

warranted. This objection is OVERRULED.

**B. Reliance on Pre-SSR 16-3p Caselaw**

Next, Plaintiff objects to Judge Patricco's reliance on caselaw predating Social Security Ruling ("SSR") 16-3p, which superseded SSR 96-7p for evaluating symptoms in disability claims. In the Report, Judge Patricco outlines the two-step analysis an ALJ takes when analyzing a claimant's subjective symptoms:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' Second, if such objective medical evidence exists, and the ALJ has not determined that the claimant is malingering, the ALJ must provide clear and convincing reasons before rejecting the claimant's testimony regarding the severity of the claimant's symptoms.

Dkt. 20, at 12 (citations omitted). Judge Patricco cited several cases defining the standard an ALJ must follow at step two, including cases supporting an ALJ's ability to make "credibility determinations." Dkt. 21, at 13. Plaintiff asserts determinations of a claimant's credibility is not the standard and seeks de novo review by this Court on her third assertion of error applying the correct controlling ruling and regulations. Dkt. 21, at 6.

SSR 16-3p became effective on March 28, 2016, and eliminated the term "credibility" from the regulatory interpretation policy. *See* SSR 16-3p. In doing so, SSR 16-3p explained "that subjective symptom evaluation is not an examination of an individual's character, but rather is an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work." *Id.* In the same paragraph Plaintiff complains about, Judge Patricco cited SSR 16-3p, as well as a post-SSR 16-3p Ninth Circuit case for

the principle that, "[i]nadequate or inconsistent objective medical evidence may be used to discount a claimant's testimony. Dkt. 20, at 13 (citing *Smartt v. Kijakazi*, 53 4th 489, 498 (9th Cir. 2022).

Although SSR 16-3p eliminated the term "credibility" from the subjective symptom evaluation, it did not eliminate the ALJ's responsibility to ensure that subjective symptoms are consistent with the objective medical record. *See* SSR 16-3p ("We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record."). Although inconsistent statements by a claimant are not completely disregarded, a report of inconsistencies in the objective medical evidence is one of the many factors an ALJ considers in evaluating the intensity, persistence, and limiting effects of an individual's symptoms. *Id.*

In the Report, Judge Patricco found the ALJ considered Plaintiff's statements concerning her alleged symptoms and found they were "not consistent with the record" because there was "little to no evidence over the course of treatment . . . showing any joint swelling or tenderness or any evidence of muscular tenderness." Dkt. 20, at 14. The ALJ also found Plaintiff's allegations concerning the severity of her symptoms were similarly unsupported, and in fact contradicted, by the objective evidence in the record. *Id.* at 15–16. Thus, the ALJ found at step one that Plaintiff's impairments could not reasonably be expected to cause the pain she alleged. *Id.* At no point during step one of the analysis did the ALJ or Judge Patricco make any findings based on Plaintiff's credibility—rather, the ALJ specifically explained how Plaintiff's record contained objective evidence that

directly contradicted her symptom allegations. *Id.* at 16. That the ALJ discounted Plaintiff's symptom allegations is not synonymous with making a credibility determination, and Plaintiff does not explain which parts of the Report applied the incorrect "credibility" standard. The Court finds that even if the Report cites outdated caselaw (and it is not clear that such caselaw is outdated), the ALJ and Judge Patricco did not make any findings concerning Plaintiff's credibility or rely on such findings when evaluating Plaintiff's subjective symptoms. This objection is OVERRULED.

**C. Plaintiff's Subjective Symptom Allegations**

Finally, Plaintiff's third objection to the Report simply repackages her third objection to the ALJ's decision. Plaintiff acknowledges Ninth Circuit law "requires the ALJ to accept a plaintiff's complaints unless there is affirmative contradictory evidence in the medical record, not the absence of supporting evidence." Dkt. 21, at 7. As explained in *supra* Section III(B), Judge Patricco found the ALJ pointed to relevant medical evidence that directly contradicted Plaintiff's symptom allegations. *Id.* at 16. Thus, Plaintiff's objection lacks merit and is OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections, adopts Judge Patricco's Report in its entirety, and enters the following order consistent with the same.

## V. ORDER

1. The Report and Recommendation entered on August 14, 2026 (Dkt. 20), is INCORPORATED and ADOPTED in its entirety.

2. The Commissioner's decision is AFFIRMED.
3. Judgment is entered in favor of DEFENDANT consistent with the Report and this case is CLOSED.
4. The Court will enter a separate judgment pursuant to Civil Rule of Procedure 58 and 42 U.S.C. § 405(g).

DATED: September 30, 2026

David C. Nye
U.S. District Court Judge